1

2

3

4

5

6

7                       IN THE UNITED STATES DISTRICT COURT

8                     FOR THE EASTERN DISTRICT OF CALIFORNIA

9    ELIJAH M. SMITH, JR.,

10              Plaintiff,                    No. CIV S-10-1239 JAM EFB P

11        vs.

12   MICHAEL JACKSON, R-KELLY,
     BERRY WHITE,                             ORDER AND
13                                            FINDINGS AND RECOMMENDATIONS
                Defendants.
14   _____/

15        Plaintiff, a state prisoner, seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C.

16   § 1915.  Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

17   Accordingly, the request to proceed *in forma pauperis* will be granted.  28 U.S.C. § 1915(a).  By

18   separate order, the court directs the agency having custody of plaintiff to collect and forward the

19   appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

20        Determining plaintiff may proceed *in forma pauperis* does not complete the required

21   inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time

22   if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails

23   to state a claim on which relief may be granted, or seeks monetary relief against an immune

24   defendant.

25        Although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519,

26   520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if

1

1   it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

2   *Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41

3   (1957)); *see also* Fed. R. Civ. P. 12(b)(6).  "[A] plaintiff's obligation to provide the 'grounds' of

4   his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of

5   a cause of action's elements will not do.  Factual allegations must be enough to raise a right to

6   relief above the speculative level on the assumption that all of the complaint's allegations are

7   true." *Id.* (citations omitted).  Dismissal is appropriate based either on the lack of cognizable

8   legal theories or the lack of pleading sufficient facts to support cognizable legal theories.

9   *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

10          In reviewing a complaint under this standard, the court must accept as true the allegations

11   of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740

12   (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in

13   the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A *pro se* plaintiff must

14   satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule

15   8(a)(2) requires a complaint to plead "factual content that allows the court to draw reasonable

16   that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949

17   (2009).  This plausibility requirement is "not akin to a 'probability requirement,' but is asks for

18   more than a sheer possibility that a defendant has acted unlawfully." *Id.*

19          In his complaint, plaintiff sues Michael Jackson, R-Kelly and Berry White.  He makes the

20   following incoherent allegations:

21          Briefly in 02-23-1972 at age 3 that I was singing on air an
            reporting to the court that song I was doing an I use to name every
22          song of an title with every notes of the song toping so that you'll
            notice what song to look for so I just walks down roads an street an
23          go to singing on one song to the second song an it's start to get
            good then I'll just return home during night hours an nexts four
24          days its will be on the radio broadcasting out to the open world of
            the USA.

25   ////

26   ////

2

1    Dckt. No. 1.  Although plaintiff's claim is brought under 42 U.S.C. § 1983, plaintiff has failed to

2    allege any facts that support such a claim.  In order to state a claim under § 1983, a plaintiff must

3    allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation

4    was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42,

5    48 (1988).  Here, plaintiff's complaint has not alleged any facts suggesting a violation of a

6    federal constitutional or statutory right or any facts suggesting improper conduct by a person or

7    persons acting under color of state law.  Nor does plaintiff's complaint give defendants fair

8    notice of what the claim is and the grounds upon which it rests.  *See Jones v. Cmty. Redev.*

9    *Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  Accordingly, plaintiff's complaint must be

10    dismissed.

11       The court will not grant plaintiff leave to file an amended complaint.  Plaintiff's

12    complaint not only lacks merit, but it is also completely unintelligible and "cannot possibly be

13    saved."  *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law,

14    district courts are only required to grant leave to amend if a complaint can possibly be saved.

15    Courts are not required to grant leave to amend if a complaint lacks merit entirely."); *see also*

16    *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to

17    amend even if no request to amend the pleading was made, unless it determines that the pleading

18    could not be cured by the allegation of other facts.").

19       Accordingly, IT IS HEREBY ORDERED that:

20       1.  Plaintiff's application to proceed *in forma pauperis,* Dckt. No. 2, is granted; and

21       2.  Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in

22    accordance with the notice to the Director of the California Department of Corrections and

23    Rehabilitation filed concurrently herewith.

24       Further, IT IS HEREBY RECOMMENDED that this case be dismissed with prejudice

25    due to plaintiff's failure to state a claim upon which relief may be granted.  These findings and

26    recommendations are submitted to the United States District Judge assigned to the case, pursuant

to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 23, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE